IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

ROBERT DALE ADKINS, and                           Case No.: 3:19-bk-30056
BRENDA DALE ADKINS,                                Chapter 7

       Debtors,

ANTIOCH MISSIONARY BAPTIST CHURCH,

       Plaintiff,

v.                                                                 Adversary Proceeding No.: 19-ap-03004

ROBERT DALE ADKINS and
BRENDA GAIL ADKINS,

       Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT BRENDA ADKINS MOTION TO DISMISS

Defendant, Brenda Adkins, by and through counsel, Connor Robertson, respectfully move this Court, pursuant to Rules 7009 and 7012 of the Federal Rules of Bankruptcy Procedure, for entry of an order dismissing the Plaintiff's Complaint with prejudice. Plaintiff's Complaint fails to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support thereof of their Motion, Defendants state as follows:

### BACKGROUND FACTS

On or about February 19, 2019, Defendants filed for Chapter 7 Bankruptcy. (ECF 1). Thereafter, the case proceeded in the normal course of bankruptcy proceedings. A meeting of the creditors was held on or about April 16, 2009 and the Chapter 7 Trustee's Report of No Distribution was filed on April 17, 2019. On June 11, 2019, the United States Trustee filed a Motion to Extend the Time to Object to Discharge until August 14, 2019. (ECF 21). Next, Plaintiff

Antioch Missionary Baptist Church filed a Motion to Extend Time to Object to the Debtors' Discharge and Time to Object to Dischargability of Debt. (ECF 23). Defendants later executed a waiver of discharge and the Court granted the Trustee's Motion (ECF 33) for Order Approving Waiver of Discharge on July 22, 2019. (ECF 37). On August 2, 2019, Antioch Missionary Baptist Church filed an Adversary Case requesting a money judgment be entered against the Defendant and the judgment be prevented from discharged.

Defendant's Rule 12(b)(6) Motion does not contest the dischargability of any debt, but rather contests that the Plaintiff is entitled to a money judgement on the Adversary Complaint as filed.

## ARGUMENT

I. **Standard of Dismissal**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must be satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ostrzenski v. Seigel*, 177 F.3d 245, 251-52 (4th Cir. 1999) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)). In deciding a Rule 12(b)(6) motion to dismiss, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Thus, a court must take "the material allegations of the complaint" as admitted, and liberally construe the complaint in favor of a plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S. Ct. 1843, 1849 (1969).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965

(2007) (citation omitted). Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* However, "when the allegations in a complaint . . . could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Woods v. City of Greensboro,* 855 F.3d 639, 653 (4th Cir. 2017) (quoting *Twombly,* 550 U.S. at 558, 127 S. Ct. at 1966).

**II.     Plaintiffs request for a money judgment against Brenda Adkins must be dismissed as there are no allegations stated against her.**

Plaintiff seeks a money judgment against Defendant, Brenda Adkins, in the amount of $487,488.92. It further seeks to prevent the discharge of this debt in the bankruptcy proceeding. Again, this motion does not challenge the dischargability of any particular debt. Instead, this motion challenges that Defendant, Brenda Adkins, is liable to the Plaintiff in the first place.

As outlined about in subsection I, Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. In the Complaint, a plaintiff must provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citation omitted). A quick review of the Complaint in this matter reveals no allegations against Defendant, Brenda Adkins, that would entitle Plaintiff to a money judgement against her in the amount of $487,488.92. In fact, the only paragraph concerning Mrs. Adkins (other than jurisdictional paragraphs) is paragraph 14; however, even this paragraph does not allege Mrs. Adkins did anything wrong which would entitle Plaintiff to a judgment against her. Instead, paragraph 14 simply alleges that Plaintiff's claim for $487,488.92 in nondischargeable. What is missing is a short and plain statement of the claim which shows the Plaintiff is entitled to the $487,488.92 in the first place.

The obvious tort in this matter under West Virginia State Law is Conversion. Conversion is defined as "Any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion." *Pine v. Am. Eng'g*, 125 S.E. 375, 97 W.Va. 471 (W.Va. 1924). In the criminal context, the crime of embezzlement is also treated as a conversion:

> [I]n order to constitute the crime of embezzlement, it is necessary to show (1) the trust relation of the person charged, and that he falls within that class of persons named; (2) that the property or thing claimed to have been embezzled or converted is such property as is embraced in the statute; (3) that it is the property of another person; (4) that it came into the possession, or was placed in the care, of the accused, under and by virtue of his office, place or employment; (5) that his manner of dealing with or disposing of the property, constituted a fraudulent conversion and an appropriation of the same to his own use; and (6) that the conversion of the property to his own use was with the intent to deprive the owner thereof.

*State v. Berry,* 800 S.E.2d 264 (W.Va. 2017) (quoting Syl. Pt. 2, in part, *State v. Moyer*, 58 W.Va. 146, 52 S.E. 30 (1905)). Clearly, the Complaint under attack fails to list or assert any facts concerning Mrs. Adkins that would show she is liable to the Plaintiff for any amount of money based on the tort or crimes outlined above.

Plaintiff is not entitled to a money judgment against a wife simply because of the action of her husband. This principal is no different than in the criminal context. A spouse cannot be charged with criminal conduct just because she married to someone who committed the crime. This issue has been explored in the bankruptcy context and the overall rule is that a spouse is not *per se* responsible for the debts of their husband or wife simply because of the marital union. *Tsurukawa v. Nikon Precision, Inc.*, (In re Tsurukawa), 285 B.R. 192, 198 (9th Cir. BAP 2001) (Tsurukawa I) ("a marital union alone, without a finding of partnership or other agency relationship between spouses, cannot serve as a bases for imputing fraud from one spouse to the other."). Outside of some alleged business partnership between a husband and wife, imputing liability for another

spouse's actions is not really considered in the bankruptcy context. In *Luce v. First Equip. Leasing Corp.* (In re Luce), 960 F.2d 1277, 1284 n.10 (5th Cir. 1992) (per curium) the Court viewed "the imputation issue as one about business partners" and stated that "the concepts of law we employ do not turn on the nature of the marital relationship, but on the nature of the business relationship between the [business partners]."

    Based on the above, it is clear that Plaintiff is not entitled to a money judgment against Defendant, Brenda Adkins, as there are no allegations stated within the complaint that would justify a judgement against her. Thus, Plaintiff's Complaint fails to state a claim for which relief can be given and should be dismissed.

    BRENDA GAIL ADKINS,

    By Counsel,

S:// *Connor Robertson*
Connor Robertson (11460)
WESTON | ROBERTSON
2939 Virginia Avenue, Suite 2010
Hurricane, West Virginia 25526
(304) 522-4100
(304) 250-3000 (f)
cdr@westrob.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

| | |
|---|---|
| ROBERT DALE ADKINS, and<br>BRENDA DALE ADKINS, | Case No.: 3:19-bk-30056<br>Chapter 7 |

      Debtors,

ANTIOCH MISSIONARY BAPTIST CHURCH,

      Plaintiff,

v.                                                                  Adversary Proceeding No.: 19-ap-03004

ROBERT DALE ADKINS and
BRENDA GAIL ADKINS,

      Defendants.

## CERTIFICATE OF SERVICE

I, Connor Robertson, hereby certify that on the 21ST day of August, 20189, a true copy of the foregoing Memorandum of Law in Support of Defendant Brenda Adkins Motion to Dismiss served by via hand delivery, electronic mail and/or facsimile on the following necessary parties:

| | |
|---|---|
| Fred Delp, Esquire<br>Attorney for Antioch Missionary Baptist Church<br>P.O. Box 727<br>Barboursville, WV 25504 | Scott Stapleton<br>400 Fifth Avenue<br>Huntington, WV 25701 |

David L. Bissett
U.S. Trustees Office
300 Virginia Street East
Room 2025
Charleston, WV 25301
David.L.Bissett@usdoj.gov

"all creditors listed on the mailing
matrix on file in the Bankruptcy Clerk's
office as of August 21, 2018."

/s/ Connor Robertson
WESTON | ROBERTSON
2939 Virginia Avenue, Suite
Hurricane, WV 25526
(304) 522-4100
(304) 250-3000 (f)
cdr@westrob.com